UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LLOYD ROSS,

                        Plaintiff,

            v.                          90 Civ. 304 (PGG)

C.O. COOPER, CAPT. DAVIS #470, NEW YORK
CITY DEPARTMENT OF CORRECTIONS       **MEMORANDUM OPINION**
                                                                      **AND ORDER**
                        Defendants.

PAUL G. GARDEPHE, U.S.D.J.:

        Plaintiff Lloyd Ross, appearing pro se, brings a Motion for Reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, seeking to set aside this Court's August 5, 1991 order dismissing his complaint with leave to amend and this Court's March 24, 1993 order dismissing the case for failure to prosecute. For the reasons set forth below, plaintiff's motion is DENIED.

## BACKGROUND

        On January 18, 1990, Plaintiff Ross filed a pro se action against Defendant New York City Department of Corrections under 42 U.S.C. § 1983 to recover damages for injuries that New York City correction officers allegedly inflicted.[1] On August 5, 1991, this Court granted the New York City Department of Corrections's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a § 1983 claim against the department.[2] In granting the motion to dismiss, this Court ruled that the complaint asserted "no facts substantiating the existence of a New York City policy of brutality against prisoners, or of the

---

[1] As this Court noted in its August 5, 1991 opinion and order, Plaintiff Ross also filed suit against Correction Officer Cooper and Captain Davis #470, but failed to serve either of them with process.

[2] Neither Defendant Cooper nor Defendant Davis were involved in the motion to dismiss.

City's 'deliberate indifference to the constitutional rights of persons within its domain.'" Ross v. Cooper et al., 1991 WL 155578, No. 90 Civ. 304 (MBM), at *2 (S.D.N.Y. Aug. 5, 1991) (quoting Fiacco v. City of Rensselaer, 718 F.2d 319, 326 (2d Cir. 1986)). This Court further held that Ross's "presentation of only a single incident of misbehavior [was] 'insufficient as sole support for an inference that a municipal policy or custom caused the incident.'" Ross, 1991 WL 155578, at *2 (quoting City of Oklahoma v. Tuttle, 471 U.S. 808, 824 (1985)). And in light of Ross's failure to allege facts showing that the Corrections Department "was knowingly and deliberately indifferent to the possibility that its correction officers routinely used excessive force[,]" this Court found that "the alleged assault by individual officers upon plaintiff fail[ed] to establish a City policy of condonation or indifference." Ross, 1991 WL 155578, at *2.

The dismissal of the complaint was without prejudice to Ross's right to replead should he be able to allege facts sufficient to support a § 1983 claim. Ross, 1991 WL 155578, at *2. During the nineteen months following this Court's ruling on the motion to dismiss, Ross failed to so amend his complaint. Accordingly, on March 24, 1993, this Court ordered the action dismissed and closed the case due to Ross's failure to prosecute. (Docket No. 29.)

More than fifteen years after this Court terminated the case, Ross now seeks to resurrect his claims. On November 3, 2008, this Court received the instant Rule 60(b) motion seeking reconsideration of the August 5, 1991 order dismissing the complaint and the March 24, 1993 order dismissing the case for failure to prosecute. In the two substantially similar affidavits that Ross submitted in support of this motion, he seeks reconsideration on the grounds that he is "unable to work due to the damage done to [his] body while serving term at the George Mo[t]chan Correctional Facility and [is] unable to help [him]self and [his] family."[3] (Affidavits

---

[3] In granting the motion to dismiss, this Court noted that Ross suffered his injuries at the "Anna M. Kross prison facility in East Elmhurst, New York," as opposed to the nearby George Motchan Detention Center, which plaintiff now alleges was the site of the incident. See Ross v. Cooper et al., 1991 WL 155578, No. 90 Civ. 304 (MBM), at *1 (S.D.N.Y. Aug. 5, 1991). Whereas the Kross Center is located at 18-18 Hazen Street in East Elmhurst, the Motchan facility is at 15-15 Hazen Street. See http://www.nyc.gov/html/doc/html/about/locate_facility.shtml.

of Lloyd Ross in Support of Motion for Reconsideration, Oct. 15, 2008 ("Ross Affidavits"), at 1.)  Ross identifies no other grounds for reconsideration.

## DISCUSSION

From Plaintiff Ross's motion papers, the rule under which he seeks reconsideration is unclear.  But because his motion was not "served within ten (10) days after the entry of the court's determination of the original motion" to dismiss, pursuant to Local Civil Rule 6.3, this Court treats the reconsideration motion as filed under Rule 60(b), rather than Rule 59(e), of the Federal Rules of Civil Procedure.  See Briller v. Barnhart, No. 04 Civ. 3649 (RWS), 2006 WL 118367, at *1 n.1 (S.D.N.Y. Jan. 16, 2006) (treating pro se plaintiff's reconsideration motion as filed pursuant to Rule 60(b) rather than Rule 59(e), where reconsideration motion was filed more than ten days after entry of court's determination of original motion.)  This Court has summarized the law governing relief under Rule 60(b) as follows:

> Rule 60(b) is designed to strike a balance between serving the ends of justice and preserving the finality of judgments. A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances. In addition to demanding that the movant show exceptional circumstances, the courts of this circuit also require that the evidence in support of the motion be highly convincing, that the movant show good cause for the failure to act sooner, and that no undue hardship be imposed on the other parties as a result.

Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006) (citations and internal quotation marks omitted).  See also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)

---

For purposes of this reconsideration motion, this Court presumes that Ross is complaining about the same incident cited in his original lawsuit.  Any new Section 1983 claim arising from injuries Ross suffered while in prison in 1989 would be untimely; claims under 42 U.S.C. § 1983 must be commenced within three years of the alleged violation.  Orniston v. Nelson, 117 F.3d 69, 71 (2d Cir. 1997) ("In section 1983 actions, the applicable limitations period is found in the 'general or residual [state] statute [of limitations] for personal injury actions.'") (quoting Owens v. Okure, 488 U.S. 235, 249–50, 109 S. Ct. 573, 581–82 (1989)) (alterations in original); Orniston, 117 F.3d at 71 ("New York's three-year statute of limitations for unspecified personal injury actions, New York Civil Practice Law and Rules § 214(5), governs section 1983 actions in New York.") (citing Owens, 488 U.S. at 251, 109 S. Ct. at 582).

(observing that Rule 60(b) "should be broadly construed to do substantial justice, yet final judgments should not be lightly reopened") (citation omitted).

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff Ross does not specify any of these reasons as a basis for this Court to reconsider its August 5, 1991 and March 24, 1993 orders.

Even assuming that Ross had cited one or more of the reasons that Rule 60(b) enumerates as potential grounds for reconsideration, the instant motion fails because it is untimely and without merit. First, with respect to timeliness, "[a] motion under Rule 60(b) must be made within a reasonable time — and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). Given that well over fifteen years have elapsed since the entry of the August 5, 1991 and March 24, 1993 orders, any attempt to vacate those orders under Rule 60(b)(1), 60(b)(2), or 60(b)(3) is clearly untimely.

Nor may Ross invoke Rule 60(b)(4), 60(b)(5), or 60(b)(6) as reasons for reconsideration. Generally, in considering whether a party filed its reconsideration motion

4

within "a reasonable time," a court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay."  PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983).  Nonetheless, the Court of Appeals and this Court have found delays far shorter than Ross's to be unreasonable "absent mitigating circumstances."  Kellogg v. Strack, 269 F.3d 100, 104 (2d Cir. 2001) ("Kellogg's motion was made twenty-six months after the entry of the final judgment, a period of time which constitutes a patently unreasonable delay absent mitigating circumstances."); Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (finding that plaintiff who waited eighteen months to seek reconsideration "plainly did not seek relief from the judgment within a reasonable time"); United States v. Morales, No. 03 Civ. 4676 (LAP), 2008 WL 4921535, at *4 (S.D.N.Y. Nov. 10, 2008) (holding that pro se petitioner failed to seek reconsideration "within a reasonable time" where petitioner "offer[ed] no reason" for submitting the motion six years after conviction and three years after denial of habeas petition"); Graham v. Sullivan, No. 86 Civ. 163 (WK), 2002 WL 31175181, at *1 (S.D.N.Y. Sept. 23, 2002) (holding that pro se plaintiff's nineteen-month delay in bringing Rule 60(b) motion was unreasonable); Peyser v. Searle Blatt & Co., Ltd., No. 99 Civ. 10785 (WK), 2001 WL 1602129, at *2 (S.D.N.Y. Dec. 14, 2001) (holding that pro se plaintiff's sixteen-month delay in bringing Rule 60(b) motion was unreasonable).  Given that Ross does not allege any "mitigating circumstances" to explain his fifteen-year delay in seeking reconsideration of this Court's orders, this Court finds that he failed to make his "motion under Rule 60(b) . . . within a reasonable time . . . ."  Fed. R. Civ. P. 60(c).

    Second, even if Ross's reconsideration motion were timely, this Court must dismiss it as without merit.  Nothing in the instant submission justifies setting aside the August 5, 1991 and March 23, 1993 orders.  Ross does not base this motion on a cognizable claim of "mistake, inadvertence, surprise, or excusable neglect[,]" Fed. R. Civ. P. 60(b)(1), newly discovered evidence, Fed. R. Civ. P. 60(b)(2), or fraud, Fed. R. Civ. P. 60(b)(3).  Because Ross has not shown that this Court acted "inconsistent with due process of law" or that jurisdiction was lacking, Rule 60(b)(4) is also inapplicable.  Grace v. Bank Leumi Trust Co. of NY, 443 F.3d

180, 193 (2d Cir. 2006) ("A judgment is void under Rule 60(b)(4) of the Federal Rules of Civil Procedure 'only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.'") (citation omitted). And Rule 60(b)(5) — which permits reconsideration when a "judgment has been satisfied, released or discharged[,]" when "it is based on an earlier judgment that has been reversed or vacated" or "applying it prospectively is no longer equitable" — is plainly inapplicable to this case.

That leaves Ross with only Rule 60(b)(6) — the catch-all provision that permits reconsideration for "any other reason that justifies relief." But Ross cannot obtain relief under Rule 60(b)(6) because he has failed to demonstrate the requisite "'extraordinary circumstances' or 'extreme hardship.'" United States v. Cirami, 563 F.2d 26, 32 (2d Cir. 1977) ("It is well established, however, that a 'proper case' for Rule 60(b) relief is only one of 'extraordinary circumstances,' or 'extreme hardship.'") (citations omitted).[4] See also Orix Financial Servs., Inc. v. Thunder Ridge Energy, Inc., No. 01 Civ. 4788(RJH)(HBP), 2008 WL 4414650, at *11 (S.D.N.Y. Sept. 30, 2008) ("The 'extraordinary circumstances' required for relief under Rule 60(b)(6) must also suggest that the moving party 'is faultless in the delay.'") (quoting Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393, 113 S. Ct. 1489, 1497 (1993)).

In support of the instant motion, Ross does not contend that the August 5, 1991 order erred in its description of the facts, the issues, or the law. See Mt. McKinley Ins. Co. v. Corning Inc., No. 02 Civ. 5835 DLC, 2003 WL 21380493, at *2 (S.D.N.Y. June 16, 2003) (denying Rule 60(b)(6) motion where movant did "not argue that the [underlying] opinion erred in its description of the facts, the issues, or the law."). All that Ross asserts is that due to the

---

[4] The Court of Appeals has also characterized the showing required to grant a Rule 60(b)(6) motion as one of "exceptional circumstances." See New York City v. Green, 420 F.3d 99, 108 n.3 (2d Cir. 2005)  In this context, the terms "exceptional" and "extraordinary" are synonymous. See Brown v. Nelson, No. 05 Civ. 4498(RJS), 2008 WL 4104040, at *2 (S.D.N.Y. Aug. 29, 2008) (citing United States v. Cirami, 563 F.2d 26, 30 (2d Cir. 1977) (interchangeably using the phrases "exceptional circumstances" and "extraordinary circumstances")).

injuries he allegedly suffered as a prisoner at the George Motchan Correctional Facility, he is unable to work or support himself or his family. (Ross Affidavits, at 1.) Even if true, these allegations do not constitute highly convincing evidence of "extraordinary circumstances" or "extreme hardship" that might justify reconsideration. See Mt. McKinley Ins. Co., 2003 WL 2138049, at *2 (denying Rule 60(b)(6) motion). See also Broadway v. City of New York, No. 96 Civ. 2798 (RPP), 2003 WL 21209635, at *4 (S.D.N.Y. May 21, 2003) (holding that pro se plaintiff who had been "in and out of the hospital, suffering from a mental condition and in and out of prison" had not demonstrated "extraordinary" circumstances that would warrant reconsideration under Rule 60(b)(6)). Nor is it evident that Ross was "faultless" in the fifteen-year delay to bring the reconsideration motion. See Orix Financial Servs., 2008 WL 4414650, at *11–*12 (denying Rule 60(b)(6) motion where "extraordinary circumstances" did not exist and movants were not faultless in the delay). Accordingly, Ross has failed to satisfy the burden for relief under Rule 60(b)(6).

## CONCLUSION

For the foregoing reasons, Plaintiff Ross's Motion for Reconsideration is DENIED. The Clerk of the Court is directed to terminate Ross's Motion (Docket No. 30) and to close this case.

Dated: New York, New York
November 24, 2008

SO ORDERED

*Paul R. Randolph* (signature)

Paul G. Gardephe
United States District Judge

7